IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IR AIR, INC., § | |
| § | |
| Plaintiff, § | |
| § Civil Action No. 3:22-CV-1703-D | |
| VS. § | |
| § | |
| JOHN PETROS, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff IR Air, Inc. ("IR") moves to strike the answer of defendant San Jose Enterprise Co. ("San Jose") and for entry of a default as to defendants San Jose, Juan Morales ("Morales"), and Skywolf Aviation Services, LLC ("Skywolf"). The court denies the motion to strike, denies the motion for entry of a default as to defendant San Jose, and grants the motion for entry of a default as to defendants Morales and Skywolf.

I

IR filed a complaint on August 5, 2022 against defendants John Petros ("Petros"), Morales, Tailwheel Management Company, San Jose, and Skywolf. Responding to a court order that required that IR adequately plead diversity jurisdiction, IR filed its first amended complaint on August 11, 2022.

On August 15, 2022 Petros, acting *pro se*, filed a "Defendant's Original Answer" ("Answer") that referred in the body of the pleading to plural "Defendants" and denied IR's allegations using the familiar language of a Texas-law general denial. On September 15,

2022 Petros filed another *pro se* pleading ("Reply"): this one entitled "defendant's first amended reply to plaintiff's first amended complaint and defendant's motion for declaratory judgment." Petros Reply (ECF No. 17) at 1.

IR moves to strike the Answer and Reply in their entirety insofar as they apply to San Jose. It maintains that these pleadings are legally insufficient to the extent that they purport to relate to San Jose, a corporation, that is not represented by licensed counsel. IR also moves for entry of default against defendants San Jose, Morales, and Skywolf. Defendants have not responded to IR's motion.

II

A

The court denies IR's motion to strike the Answer and Reply of San Jose because it is unclear from the record that Petros intended to file responsive pleadings on San Jose's behalf. In fact, the email exchange that IR cites in its appendix reflect Petros' assertion that San Jose is "not involved," P. App. 9, which suggests that he did not intend to file on behalf of San Jose.

Moreover, as IR recognizes in its motion, Petros cannot make such filings on behalf of San Jose. Therefore, the Answer and Reply should not be deemed to have been filed on San Jose's behalf.

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. But it is well-established that, although individuals have the right to represent themselves or proceed *pro se* under this statute,

corporations are fictional legal persons who can only be represented by licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam); *Sw. Express Co. v. Interstate Comm. Comm'n*, 670 F.2d 53, 54-56 (5th Cir. 1982). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. Unit B July 1981) (citation omitted). The rationale for this long-standing rule applies equally to "all artificial entities," such as partnerships and associations. *Rowland*, 506 U.S. at 202. When the court provides notice to a corporation that it must obtain counsel to represent it, and the corporation declines to do so, the court may properly dismiss its claims, if it is a plaintiff, *see Memon*, 385 F.3d at 873 n.5, or strike its defenses, if it is a defendant, *see Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam). The court therefore concludes that San Jose has not filed a responsive pleading, so there is no basis to strike the Answer and Reply as to San Jose.

B

The court declines to enter a default as to San Jose, however, because the record does not demonstrate that San Jose has been properly served with process.

III

The court grants IR's motion to enter a default against Morales and Skywolf. The record reflects that both have been served. *See* ECF No. 16. And the Answer and Reply filed by Petros should not be interpreted to be filed on behalf of either defendant. These pleadings should not be deemed applicable to Skywolf for the reasons explained above

concerning San Jose. *See supra* § II(B). And they should not be deemed to have been filed on behalf of Morales because one *pro se* party cannot represent another *pro se* party: this would constitute the unauthorized practice of law. *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). The court thus concludes that neither Morales nor Skywolf has filed a responsive pleading.

\* \* \*

Accordingly, for the reasons explained, the court denies IR's December 14, 2022 motion to the extent it seeks to strike the Answer and Reply of San Jose and seeks the entry of a default against San Jose, and it grants the motion to the extent IR seeks the entry of a default against Morales and Skywolf.

**SO ORDERED**.

January 20, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE